MISSOURI· PACIFIC RAILROAD COMPANY v. SISK.

Opinion delivered May 23, 1927.

1. CARRIERS—RECOVERY OF CORRECTED FREIGHT CHARGE.—In the absence of competent evidence as to shipments and weights, the court properly directed a verdict for defendant in an action by a railroad company for the balance claimed to be due on a corrected charge of freight rates.

2. CARRIERS—RECOVERY OF CORRECT RATE.—A railroad company charging a consignee less than the correct freight rate is entitled to recover the difference between the rate charged and the correct rate.

3. CARRIERS—UNDERCHARGE—SUFFICIENCY OF EVIDENCE.—In a railroad company's action for the balance due from the consignee on a correct charge of freight rates, a letter from defendant to plaintiff's auditor, denying that plaintiff had any claim since defendant would not have purchased the hay for shipment except upon the understanding that the rate given him was correct, held insufficient to take plaintiff's case to the jury.

Appeal from Independence Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.

*J. R. Alexander,* for appellee.

KIRBY, J.   The railroad company brought this suit in a justice court of Independence County for a balance of $73 claimed to be due on a correct charge of freight rates on three cars of hay shipped from White Bead, Oklahoma, to appellee at Tuckerman, Arkansas, the charge and payment for such shipment being made under a rate of 51½c per hundred, by mistake or otherwise, when it should have been on the basis of the correct rate fixed by the Interstate Commerce Commission for shipment of a like kind of 61½c per hundredweight.

Appellant attempted to introduce in evidence what it claimed to be the original bills of lading and waybills of the three shipments, which the court excluded, same not being identified by any witness who had any knowledge of or connection with the transaction.   It introduced certificates from the Interstate Commerce Commission showing the rates that should have been applied and charged for transporting the hay.   There was also a letter from Sisk to the auditor of the freight rates of the railroad company introduced in evidence, denying that the company should have any claim against him for freight charges, since he ascertained from the agent of the road, before buying the hay, that the rate was 51½c per hundred; otherwise the hay would not have been purchased.

There was no testimony introduced showing the shipments nor the weight of the commodity shipped, and the court directed a verdict against the railroad company, from which it prosecutes this appeal.

It is contended that there was some testimony supporting plaintiff's claim, and that the court erred in directing a verdict against it.

The court excluded from the consideration of the jury the original bills of lading and the waybills showing the contents of the car, the weight of the product and the rate charged in what purported to be such bills,

because same were not identified by any witness who had any knowledge of the making of same or the transactions reflected by them. It correctly told the jury that the plaintiff would be entitled to recover the difference between the rate actually charged and paid and the correct rate that should have been charged, but that there was no competent evidence on which they could find for the railroad company, and directed the verdict against it accordingly.

The most that could have been inferred from the letter acknowledged to have been written by Sisk was that the railroad company should have no claim against him at all, since he would not have purchased any hay for shipment if he had not understood that the rate of 51½c per hundred had been correctly given him. This admission alone could not, of course, have indicated the amount the railroad was entitled to recover, and no error was committed in directing the verdict.

The judgment is affirmed.